Celia McGuinness (SBN 159420)
Liza Cristol-Deman (SBN 190516)
McGUINNESS LAW GROUP, PC
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 439-2950
Facsimile: (510) 439-2951
Email: cmcguinness@mcguinness-legal.com
lcristoldeman@mcguinness-legal.com

Attorneys for Plaintiff Erica Davis-Chenault

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA DAVIS-CHENAULT,<br><br>Plaintiff,<br><br>vs.<br><br>DWF VI VMG ALLSTON, LLC and VAUGHN MANAGEMENT GROUP, INC.,<br><br>Defendants. | Case No. 3:26-cv-03192-TSH<br><br>~~[PROPOSED]~~ **CONSENT DECREE AND FINAL ORDER** |

Plaintiff ERICA DAVIS-CHENAULT filed a Complaint in this matter on April 15, 2026, to enforce federal and California civil rights laws, and to obtain recovery of damages for discrimination on the basis of disability, against Defendants DWF VI VMG ALLSTON, LLC (“DWF”) and VAUGHN MANAGEMENT GROUP, INC. (“Vaughn”) (collectively “Defendants”). The Complaint alleges violations of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*., Cal. Gov’t Code § 12955 et seq., the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.,

and the California Disabled Persons Act, Cal. Civ. Code §§ 54 et seq., Berkeley Municipal Code §§ 19.50.010 et seq., and Cal. Civ. Code § 3479.

Without agreeing to the truth of any of Plaintiff's allegations as set forth herein or in the operative pleading in this matter, which allegations Defendants expressly deny, Plaintiff and Defendants (together, "the signing parties") agree that it is in their best interests, and Plaintiff believes it is in the public interest, to fully and finally resolve this matter on mutually agreeable terms without resort to protracted litigation. Therefore, the signing parties hereby agree and stipulate to issuance of the following Proposed Consent Decree and Final Order, which the Court will retain jurisdiction to enforce for three (3) years after the date it is entered.

WHEREFORE, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Final Order containing the following terms of non-monetary relief:

**SETTLEMENT OF CLAIMS FOR INJUNCTIVE RELIEF:**

1. This Consent Decree and Final Order includes a complete and final disposition and settlement of Plaintiff's claims for injunctive, declaratory, and other equitable relief against Defendants that have arisen out of the subject Complaint.

2. Definitions; Term; Expiration: "Effective Date" means the date on which the Court enters this Consent Decree and Final Order. "Term" means the three (3) year period beginning on the Effective Date. "Vaughn" means Vaughn Management Group, Inc. "DWF" means DWF VI VMG Allston, LLC. "Subject property" means the residential building at 1161 Allston Place, Berkeley, California. "Elevator" means the passenger elevator serving the subject property, including any replacement placed into service during the Term.

3. Performance of obligations; Change of Management: Vaughn, as the management company for the subject property, shall perform the obligations of this Consent Decree and Final Order, Paragraphs 4 through 10, and performance by Vaughn, including through its authorized agents or vendors, constitutes performance by Defendants. If Vaughn Management Group, Inc. ceases its management of the subject property, during the term while DWF continues to own it, DWF shall provide this Consent Decree and

Final Order to the successor management company and direct the successor to comply with all remaining obligations of Paragraphs 4 through 10 for the balance of the Term. DWF's obligations in connection with a change of management are satisfied by providing this Consent Decree and Final Order to the successor, directing it to comply, and monitoring new management to ensure compliance. If the subject property is sold to an unaffiliated third party during the Term so that no Defendant thereafter owns or manages it, any remaining obligations under Paragraphs 4 through 10 shall terminate, and no assumption by the purchaser is required.

4. **Elevator service agreement.** Vaughn shall keep in place throughout the Term a written agreement with a California-licensed elevator contractor for the maintenance and repair of the Elevator at the subject property. The agreement shall provide for preventive maintenance at least quarterly and for an always-available method to report an outage or request emergency service. The service agreement shall also require the contractor to give building management immediate notice of repairs expected to render the Elevator inoperable for more than four hours, consistent with Berkeley Municipal Code section 19.50.040(A); a standing written instruction acknowledged by the contractor satisfies this requirement. If the elevator service agreement does not include 24-hour emergency service Vaughn will pay for 24-hour emergency service. If a repair requires parts that are not in stock, Vaughn shall pay for expedited shipping of the parts. Vaughn shall select the contractor and may replace the contractor at any time. If the contractor terminates or materially suspends service, Vaughn satisfies its replacement obligation by contacting at least three reasonably available California-licensed elevator contractors within five (5) calendar days, or all reasonably available contractors if fewer than three are reasonably available, and by agreeing to a replacement service agreement within ten (10) days after receiving an acceptable proposal; a contractor's delay in responding, proposing, or countersigning is not a breach. Interim service calls are permitted while a replacement agreement is arranged, and a temporary lapse in coverage caused by the contractor's termination or material suspension of service is not a breach of this paragraph if Vaughn

timely follows this replacement procedure. Vaughn does not warrant the contractor's performance. The occurrence or duration of an elevator outage, standing alone, does not establish a breach of this Consent Decree and Final Order.

5. **Elevator Outage Plan.** Within ninety (90) days of issuance of this Order, Vaughn shall adopt and thereafter maintain a written plan for elevator outages (the "Outage Plan"). The Outage Plan shall contain procedures for elevator outages due to scheduled maintenance and unanticipated malfunctions; for posting notice adjacent to the Elevator on each floor; for individualized written notice to disabled residents known to management and to residents who have requested notice, as provided in Berkeley Municipal Code section 19.50.050; for a management contact for outage questions and accommodation requests during an outage; and for informing a resident how to ask about alternative housing, which may be available if the requirements of Berkeley Municipal Code section 19.50.040(C) are met. Vaughn shall send a copy of the adopted plan to Plaintiff's counsel within fourteen (14) days after adoption, for information only and without any approval, objection, monitoring, or reporting right, and may revise the plan in the ordinary course provided the plan retains these elements.

6. **Notice to residents.** Within thirty (30) days after adopting the Outage Plan, Vaughn shall distribute the notice language attached as Exhibit A to current residents by posting it to the tenant portal, sending it through the customary building-wide electronic communication method, and posting a paper copy in a conspicuous location near the ground floor elevator. Vaughn also shall include the notice in the standard move-in materials provided to each new resident and shall provide a copy to any resident on request. The bracketed contact fields in Exhibit A shall be completed before distribution; a management-office telephone number and email address may be used in place of a named employee. Once the notice has been distributed as described in this paragraph, no proof that any resident received, read, or acknowledged it is required. Vaughn may make non-substantive changes to the notice without Plaintiff's approval, and may make

substantive changes with the written agreement of Plaintiff's counsel, which shall not be unreasonably withheld; no attorney's fees shall be sought or recoverable for the review of proposed changes. Any revised notice shall continue to identify how to contact management, how to request disability-related assistance, and the availability of alternative housing under Berkeley Municipal Code section 19.50.040(C).

7. **Reasonable Accommodation Policy**. Within ninety (90) days of issuance of this Consent Decree and Final Order, Vaughn shall update its existing written reasonable accommodation policy as needed to provide that:

a A request for a reasonable accommodation may be oral or written and may be made by a resident, a family member, or another person authorized by the resident to act on the resident's behalf. No particular form or words shall be required, provided the communication reasonably conveys a disability-related request for an exception, change, or adjustment of a policy, practice, or physical element . Use of any form or the portal shall be optional.

b. Staff may document an oral request in Vaughn's property-management system and may offer the resident an optional standard request form. Completion of a form shall not be required as a condition of considering or granting a request.

c. A request shall be acknowledged within five (5) business days unless it is granted or substantively answered within that period. An acknowledgment is not a final decision and may identify information lawfully needed to evaluate the request.

d. The interactive process shall follow 2 California Code of Regulations section 12177, requests for information shall follow section 12178, and disability and medical information shall be kept confidential in accordance with section 12176(e). A written response shall issue when a request is denied or an alternative is proposed.

e. Requests shall be directed to the on-site property manager or the management office for the subject property, and decisions on requests shall be made by [Vaughn's Vice

President] or a designee. The policy shall so state. Maintaining the policy and form on the resident portal and providing copies on request constitutes distribution and satisfies this Section's distribution requirement.

f. Disagreement with the outcome of an individual request for a reasonable accommodation does not create a claim of breach under this Consent Decree and Final Order. Individual requests for reasonable accommodations remain governed by applicable law, and Defendants do not waive any potential defenses, including necessity, reasonableness, undue burden, fundamental alteration, direct threat, and insufficient supporting information. Nothing in this paragraph is an admission concerning any prior request.

8. Vaughn shall send a copy of the updated policy to Plaintiff's counsel within fourteen (14) days after adopting the updated policy, for information only, and may make ordinary-course revisions without Plaintiff's approval provided the required elements remain and any revisions comply with all legal requirements.

9. **Training.** "Covered Employees" means persons serving in Vaughn staff roles related to the Subject Property, whether employed directly by Vaughn or provided to Vaughn through a staffing agency or similar arrangement, whose regular duties involve leasing, handling accommodation requests, communicating with residents about elevator outages, supervising elevator maintenance, or supervision of any such persons. Covered Employees does not include third-party vendors or contractors, including the elevator contractor, corporate employees without resident contact or supervisory responsibility for the subject property; temporary or staffing-agency personnel who are not fulfilling a Vaughn staff role described above. The training deadline for a Covered employee on approved leave shall run from the person's return.

a. Vaughn shall train Covered Employees on recognizing and routing accommodation requests, the interactive process, confidentiality of disability-related information, the Elevator Outage Plan, the notices required by Berkeley Municipal Code section 19.50.050,

and the Reasonable Accommodation Policy. Covered Employees also must watch and listen to the following videos published by the California Civil Rights Department, available at https://www.youtube.com/@calcivilrights/featured:

i. "Fair Housing Rights for People with Disabilities;" and

ii. "Emotional Support Animals in Housing."

b. Initial training shall occur within sixty (60) days after Effective Date. One refresher shall occur during months thirteen (13) through twenty-three (23) of the Term. Each new Covered Employee shall complete the training within thirty (30) days after beginning covered duties at the subject property, which a recorded program satisfies.

c. Training may be live or recorded and may be provided by counsel, a fair-housing organization, an apartment-industry association, or an established commercial training provider. Plaintiff shall have no approval right over the trainer, format, content, or materials.

d. Vaughn shall keep a record of each attendee's name, training date, and program used during the Term , and shall provide Plaintiff's counsel a short certification of timely completion within thirty (30) days after the initial training and within thirty (30) days after the refresher, and in no event after expiration of the Term. The certification shall be the only training documentation provided; no attendance sheets, personnel records, training materials, or individual employee certifications shall be produced unless Plaintiff has given notice under Paragraph 11 alleging a material breach of this paragraph, in which case Vaughn shall produce the records reasonably necessary to resolve that dispute.

10. An elevator outage by itself is not a per se violation of this Consent Decree and Final Order if Defendants are otherwise in compliance with its terms and with their elevator outage plan and reasonable accommodation policy.

11. **Enforcement.** Before asserting any claim concerning Sections 3 through 10, Plaintiff shall give Defendants' counsel notice by email identifying the specific provision and the specific facts alleged to constitute noncompliance, at the following email addresses:

jsager@grsm.com and mposard@grsm.com. Vaughn shall have fourteen (14) days after the email to cure a matter within its control. If Vaughn contends that a cure is outside of its control, it shall notify Plaintiff's counsel of the steps it has taken and the expected timeline for compliance within seven (7) days of the email. If the matter remains unresolved after the applicable cure period, the parties shall meet and confer in person or via video conference in good faith within fourteen (14) days before any enforcement proceeding is commenced. If the parties mutually agree, Defendants may seek and pay for a conference with Howard Herman or another mediator as part of efforts to resolve the dispute. No enforcement proceeding may be commenced after expiration of the Term.

12. **No third-party beneficiaries**. This Consent Decree and Final Order is for the benefit of the parties only. Only Plaintiff may enforce paragraphs 3 through 10, and only during the Term. Nothing in this Consent Decree and Final Order creates any right, claim, or private right of action in any other resident of the subject property or any other person, and nothing in it limits any right any other person may have under otherwise applicable law.

**SETTLEMENT OF MONETARY CLAIMS**

13. Plaintiffs' claims for damages, attorneys' fees, and costs have been resolved by way of a separate, private settlement agreement.

//

//

//

//

//

//

//

//

**ENTIRE SETTLEMENT AGREEMENT AND ORDER**:

14. This Consent Decree and Final Order and the separate settlement agreement containing the terms of the monetary settlement, release, and dismissal constitute the entire agreement between the signing Parties, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in those documents shall be enforceable as part of the settlement.

Dated: Oct 1, 2026

Erica Davis-Chenault (Oct 1, 2026 16:04:20 PDT)

Plaintiff ERICA DAVIS-CHENAULT

Dated: October 1, 2026

By: DocuSigned by: 6CD61264B83042A...

Name: Bradley Vaughn
Title: DWF VI VMG Berkeley Venture, LLC, sole member
DEFENDANT DWF VI VMG ALLSTON, LLC

Dated: October 1, 2026

DocuSigned by: 6CD61264B83042A...

Bradley Vaughn
Title: CEO
DEFENDANT VAUGHN MANAGEMENT GROUP, INC.

IT IS SO ORDERED.

DATED: October 6, 2026

Hon. Thomas S. Hixson
United States Magistrate Judge

## EXHIBIT A — RESIDENT NOTICE

## NOTICE TO RESIDENTS — ELEVATOR OUTAGES

If the elevator is out of service, management will post notices in the lobby and at the elevator on each floor with the information we have about the expected duration.

If you have difficulty using the stairs because of a disability or medical condition, or need other assistance during an outage, please contact the Allston management office at (510) 981-1909 or allstonstadium@livevmg.com. You may also use this contact to ask to receive individual notice of future outages.

If an elevator malfunction cannot be repaired within 24 hours due to circumstances beyond management's control, temporary alternative housing may be available to qualifying residents if and to the extent the requirements of Berkeley Municipal Code section 19.50.040(C) are met. To ask about alternative housing, contact the person above.

To request a reasonable accommodation at any time, contact the Allston management office at (510) 981-1909 or allstonstadium@livevmg.com. No particular form or phrase is required, but please explain the disability-related change or assistance you are requesting.